UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

SHELDON JAMAL WILLIAMS,

    Defendant-Movant,

v.

UNITED STATES OF AMERICA,

    Plaintiff-Respondent.
_____/

Case No. 1:22-cv-523

Honorable Paul L. Maloney

## **OPINION AND ORDER**

Currently pending before the Court is Defendant-Movant Sheldon Jamal Williams ("Defendant")'s *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1.) Defendant has also filed a motion for an evidentiary hearing. (ECF No. 6.) For the reasons set forth below, Defendant's § 2255 motion will be dismissed as untimely, and his motion for an evidentiary hearing will be denied.

**I.    Background**

On September 23, 2020, Defendant was charged in a Criminal Complaint with one count of possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1). *See* Crim. Compl., *United States v. Williams*, No. 1:20-cr-159 (W.D. Mich.) (ECF No. 1). After Defendant's arrest, a grand jury returned an Indictment charging Defendant with the same offense. *See* Indictment, *id.* (ECF No. 22). The Indictment set forth that the offense occurred on September 23, 2020, in Kent County, Michigan. *Id.*

Defendant subsequently pleaded guilty to the one-count Indictment. His guilty plea was not pursuant to a written plea agreement. Defendant appeared before Magistrate Judge Sally J. Berens on November 19, 2020, for his change of plea hearing. Magistrate Judge Berens entered a Report and Recommendation recommending that Defendant's guilty plea be accepted, and the Court adopted the Report and Recommendation in an order entered on December 8, 2020. *See* R&R and Order, *id.* (ECF Nos. 23, 25).

The parties appeared before the undersigned for Defendant's sentencing on March 8, 2021. The Court sentenced Defendant to 202 months' incarceration, to be followed by 5 years of supervised release. *See* J., *id.* (ECF No. 32). Defendant did not appeal his conviction and sentence to the United States Court of Appeals for the Sixth Circuit.

Defendant filed his § 2255 motion (ECF No. 1) on June 9, 2022. In an order (ECF No. 3) entered on June 13, 2022, the Court ordered the government to file a response to the motion. Defendant filed a motion for an evidentiary hearing (ECF No. 6) on June 27, 2022. The government filed a response (ECF No. 7) on July 21, 2022, and Defendant filed a reply (ECF No. 14) on September 6, 2022.

**II.     Analysis**

    **A.     Legal Standards**

        **1.     Section 2255 Proceedings in General**

A federal prisoner may challenge his sentence by filing in the district court where he was sentenced a motion under 28 U.S.C. § 2255. A valid § 2255 motion requires a movant to show that "the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2255 affords relief for a claimed constitutional error only when the error had a substantial

3

and injurious effect or influence on the proceedings. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). Non-constitutional errors generally are outside the scope of § 2255 relief, and they should afford collateral relief only when they create a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Id.* (internal quotation marks omitted). As a general rule, a claim not raised on direct review is procedurally defaulted and may not be raised on collateral review absent a showing of either (1) cause and actual prejudice; or (2) actual innocence. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621–22 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982). A motion to vacate under § 2255 is not a substitute for direct appeal. *United States v. Duhart*, 511 F.2d 7 (6th Cir. 1975); *DiPiazza v. United States*, 471 F.2d 719 (6th Cir. 1973).

### 2. Evidentiary Hearing

The Court must hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No hearing is required if Defendant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quotation omitted).

### B. Discussion

Defendant's primary ground for relief is that the government lacked jurisdiction to prosecute him. (§ 2255 Mot., ECF No. 1, PageID.1.) Defendant bases that argument on a belief that the "sovereign State of Michigan [has] its own Republican form of government to govern its own sovereign existence." (*Id.*, PageID.2–3.) Defendant faults prior counsel for not raising this assertion, claiming that counsel instead "le[d] [Defendant] like a sheep to the slaughter." (*Id.*,

4

PageID.3.) Defendant argues that he did not knowingly or intentionally possess with intent to "distribute a controlled substance out of the jurisdiction of the State of Michigan." (*Id.*) Defendant suggests further that because he did not knowingly or intentionally possess with intent to distribute methamphetamine, his guilty plea should not have been accepted by the Court, and that "Ray Charles can see that every adult involved seriously dropped the ball on this one." (*Id.*, PageID.14.)

The government contends that Defendant's § 2255 motion is untimely and lacks merit. (ECF No. 7.) Because the Court need not consider the merits of Defendant's grounds for relief if his motion is untimely, the Court will consider the government's argument regarding untimeliness first.

Under § 2255(f), a one-year limitations period applies to § 2255 motions, and that period starts to run from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). As noted above, Defendant did not appeal his conviction and sentence to the Sixth Circuit. Accordingly, his judgment of conviction became final when his time to appeal expired on March 23, 2021, 14 days after the Court entered judgment. *See* Fed. R. App. P. 4(b)(1)(A) (noting that in a criminal case, the defendant must file his notice of appeal within 14 days after the latter of the entry of the judgment being appealed or the filing of the government's notice of appeal); *see also Sanchez-Castellano v. United States*, 358 F.3d 424, 426–27 (6th Cir.

2004). Thus, Defendant had one year from March 23, 2021, or until March 23, 2022, to file a timely § 2255 motion.

Defendant indicates that he signed his § 2255 motion on June 3, 2022, and placed it in the prison mailing system for mailing to the Court on that date. Under Sixth Circuit precedent, Defendant's motion is deemed filed as of that date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)) (holding that the date that the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Defendant's § 2255 motion is, therefore, untimely by a little over two months under § 2255(f)(1).

Defendant provides no basis for why § 2255(f)(2)–(3) would apply to render his § 2255 motion timely filed. Moreover, although Defendant is challenging the Court's subject-matter jurisdiction over his offense, "[§] 2255 specifically contemplates motions made by prisoners alleging that the court lacked jurisdiction to render the judgment or to sentence the prisoner, and § 2255(f) provides no exception to the one-year time limitation period for such challenges." *See Porter v. United States*, No. 17-13743-F, 2018 WL 7458652, at *2 (11th Cir. Sept. 13, 2018); *see also United States v. Taylor*, 385 F. App'x 584, 586 (7th Cir. 2010) (noting the same).

In his reply brief, Defendant suggests that he did not discover the basis of his claim of ineffective assistance until August 30, 2021, when he received "information from his attorney Mr. Christopher M. Gibbons, Esquire, clearly showing that Mr. Gibbons had NO intention(s) on following through with [his] defense strategy, e.g., NOT proceeding with a PLEA AGREEMENT so [he] would APPEAL." (ECF No. 14, PageID.68.) The Court, therefore, will consider whether Defendant is entitled to belated commencement of the limitations period under § 2255(f)(4).

6

Section 2255(f)(4) provides that the limitations period begins on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). This standard "does not require the maximum feasible diligence, only due, or reasonable, diligence." *Jefferson v. United States*, 730 F.3d 537, 544 (6th Cir. 2013) (quoting *DiCenzi v. Rose*, 452 F.3d 465, 470 (6th Cir. 2006)) (internal quotation marks omitted). The burden of demonstrating due diligence falls on the petitioner. *See Johnson v. United States*, 457 F. App'x 462, 468 (6th Cir. 2012) (quoting *DiCenzi*, 452 F.3d at 471).

Upon consideration of Defendant's explanation, the Court concludes that Defendant has not met his burden of demonstrating due diligence to support belated commencement of the limitations period under § 2255(f)(4). Nowhere in Defendant's § 2255 motion does he fault counsel for not filing an appeal. Instead, Defendant faults counsel for not filing a motion to dismiss the Indictment for lack of subject-matter jurisdiction. However, by the time Defendant had pleaded guilty and was sentenced, he certainly knew that counsel had not filed such a motion. Moreover, to the extent Defendant contends that he did not discover the alleged lack of subject matter jurisdiction until August of 2021, "discovery of a new legal theory does not constitute a discoverable 'fact' for purposes of § 2255(f)(4)." *Taylor v. United States*, 518 F. App'x 348, 349–50 (6th Cir. 2013).

The one-year limitations period applicable to § 2255 motions may be equitably tolled. *See United States v. Asakevich*, 801 F.3d 418, 420–21 (6th Cir. 2016). Equitable tolling, however, is applied "sparingly and 'only if two requirements are met.'" *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012). To be entitled to equitable tolling, a movant must show that his diligently pursued his rights, and he must show that some extraordinary circumstances prevented him from timely filing his § 2255 motion. *See Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013).

7

The Supreme Court has explained that the diligence element "covers those affairs within the litigant's control; the extraordinary-circumstances prong, by contrast, is meant to cover matters outside its control." *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 257 (2016).

In his reply brief, Defendant suggests that he decided to plead guilty without the benefit of a written plea agreement so that he would not waive his right to appeal or file a § 2255 motion. (ECF No. 14, PageID.69.) Defendant contends that after he was sentenced, counsel told him that he would be filing an appeal because the "sentence [was too] harsh." (*Id.*) Defendant sets forth that when he arrived at the Federal Correctional Institution Hazelton in Bruceton Mills, West Virginia, in July of 2021, he tried to call counsel, "to no avail." (*Id.*) Defendant states that the prison was on lockdown because of the COVID-19 pandemic, "with little to no movements for use of [the] law library or use of facilities." (*Id.*)

Defendant goes on to state that in August of 2021, he wrote to the Clerk of Court to request a docket sheet. (*Id.*) Shortly after that, Defendant received a letter from prior counsel that made no mention of "the status of [Defendant's] direct appeal." (*Id.*) Defendant does not indicate when, if ever, he received a response regarding his request for a docket sheet.

Upon consideration of the foregoing, the Court concludes that Defendant is not entitled to equitable tolling of the limitations period. Although Defendant arguably pursued his rights by requesting a docket sheet from the Clerk of Court regarding the status of any direct appeal in August of 2021, Defendant fails to explain when he learned that no appeal had been filed and why it took him until June of 2022 to file his § 2255 motion. Moreover, although Defendant refers to lockdowns caused by the COVID-19 pandemic, the "pandemic does not automatically warrant equitable tolling for a petitioner who seeks it on that basis. The petitioner must establish that he

was pursuing his rights diligently *and* that the COVID-19 pandemic specifically prevented him from filing his motion." *United States v. West*, 578 F. Supp. 3d 962, 967 (N.D. Ohio 2022) (quoting *United States v. Henry*, No. 2:17-cr-180, 2020 WL 7332657, at *4 (W.D. Pa. Dec. 14, 2020)) (emphasis in original). Defendant's conclusory reference to the COVID-19 pandemic simply does not suffice to demonstrate that Defendant was prevented from filing his § 2255 motion because of the pandemic. *See id.* at 967 (noting that the petitioner's "vague and generalized contentions" about COVID-19-related law library restrictions "[did not] begin to demonstrate that the impact of the COVID-19 pandemic interfered with his ability to file" his habeas petition); *Schoening v. Christianson*, No. 2:21-cv-11955, 2021 WL 4290242, at *3 (E.D. Mich. Sept. 21, 2021) (noting that while the COVID-19 pandemic "is an extraordinary circumstance," the petitioner's conclusory allegations did not suffice to demonstrate that he diligently pursued his rights to entitle him to equitable tolling).

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a petitioner must present new evidence showing that "it is more likely than not that no reasonable juror would have convicted [the petitioner.]" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327) (addressing actual innocence as an exception to procedural default). The showing must be based on "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable

diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

Actual innocence, however, "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Here, Defendant provides no new evidence of his actual innocence. Instead, he raises a purely legal challenge to his conviction—that the government lacked jurisdiction to prosecute him. Thus, because Defendant does not provide any evidence to meet the standard under *Schlup*, actual innocence does not apply to excuse Defendant's untimely filing.

In sum, Defendant's § 2255 motion is untimely under § 2255(f)(1). Moreover, Defendant has not demonstrated entitlement to belated commencement of the limitations period under § 2255(f)(4), equitable tolling, or excusing the limitations period because of actual innocence. Furthermore, because Defendant's motion is untimely, there is no need for the Court to conduct an evidentiary hearing, and so Defendant's motion for such a hearing (ECF No. 6) will be denied.

### III. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(1)(B), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Defendant has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Defendant's claims under the *Slack* standard.

Under *Slack*, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would

find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

The Court finds that reasonable jurists could not find it debatable that Defendant's § 2255 motion is untimely. Therefore, a certificate of appealability will be denied. Therefore, the Court will deny Defendant a certificate of appealability. Moreover, although Defendant has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Defendant might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

### IV.   Conclusion

For the foregoing reasons, the Court will deny Defendant's § 2255 motion. Accordingly,

**IT IS ORDERED** that Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1) is **DISMISSED AS UNTIMELY**.

**IT IS FURTHER ORDERED** that Defendant's motion for an evidentiary hearing (ECF No. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

A separate judgment will follow. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Dated:   October 10, 2024                                  /s/ Paul L. Maloney
                                                                         Paul L. Maloney
                                                                         United States District Judge